NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000175
28-JUN-2013
11:28 AM

NO. CAAP-13-0000175

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ENELE ILI, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0021 (CRIMINAL NO. 96-2133))

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon consideration of the jurisdictional statement filed by Petitioner-Appellant Enele Ili (Appellant Ili), the counter-statement of jurisdiction that contests jurisdiction filed by Respondent-Appellee State of Hawaiʻi, Appellant Ili's "Objection to the State's Response Dismissing Petition as Untimely", and the records and files herein, it appears that we lack jurisdiction over the appeal that Appellant Ili has asserted from the following orders of the circuit court:[1] (1) March 16, 2012 "Findings of Fact, Conclusions of Law, and Order Denying Defendant Enele Ili's Motion for DNA Testing to Prove His Actual and Factual Innocence" (Order Denying DNA Testing), and

---

[1] The Honorable Karen S. S. Ahn.

(2) March 16, 2012 "Order Denying and Dismissing Petitioner Enele Ili's Motion for DNA Testing to Prove his Actual and Factual Innocence and Motion for Partial Discovery of Co-Defendant(s) Statements and Plea Negotiations," wherein the circuit court construed issues as constituting a petition under Rule 40 of the Hawai'i Rules of Penal Procedure and thereafter denied and dismissed said petition (Order Denying and Dismissing Rule 40 Petition). Appellant Ili's appeal is untimely under Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP).

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted).

HRS § 844D-129 (Supp. 2012) provides that when a court denies a motion pursuant to HRS § 844D-121 for post-conviction DNA testing, "[i]n accordance with applicable rules of court, the defendant may appeal to the supreme court and intermediate court of appeals from an order denying a motion made pursuant to this part." HRS § 844D-129 (Supp. 2012). Consequently, the Order Denying DNA Testing is appealable pursuant to HRS § 844D-129.

"In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Therefore, pursuant to Hawai'i Revised Statutes (HRS) § 641-11 (Supp. 2010) and Rule 40(h) of the Hawai'i Rules of Penal Procedure (HRPP), "appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). The supreme court does not apply the separate document

-2-

rule (see Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994)) to special proceedings for motions for post-conviction relief pursuant to HRPP Rule 40. The Order Denying and Dismissing Rule 40 Petition resolved the issues which the circuit court construed to be Appellant Ili's HRPP Rule 40 petition in S.P.P. 11-1-0021 by denying the relief for which Appellant Ili prayed and dismissing the petition, leaving nothing further to be accomplished. Therefore, the Order Denying and Dismissing Rule 40 Petition is an appealable final order pursuant to HRS § 641-11 and HRPP Rule 40(h).

With respect to both the Order Denying DNA Testing and the Order Denying and Dismissing Rule 40 Petition, "pursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995). However, the supreme court has held that, under analogous circumstances in a civil case, when a pro se prisoner attempts to assert an appeal, the "notice of appeal is deemed filed for purposes of Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). In the instant case, HRAP Rule 4(b) provides the controlling time period rather than HRAP Rule 4(a).

On May 14, 2012, the circuit court clerk filed a "Statement of Mailing" reflecting that the Order Denying DNA Testing was mailed certified mail to Appellant Ili's Arizona prison address, return receipt requested, on March 16, 2012, and that the return receipt reflected that the said mail was received with a date of delivery of March 19, 2012, and attaching a copy of the certified mail receipt and return receipt. Also on May 14, 2012, the circuit court clerk filed a "Statement of Mailing" reflecting that the Order Denying and Dismissing Rule 40

Petition was mailed certified mail to Appellant Ili's Arizona prison address, return receipt requested on March 19, 2012, and that the return receipt reflected that the said mail was received with a date of delivery of March 22, 2012, and attaching a copy of the certified mail receipt and return receipt. Appellant Ili tendered his notice of appeal dated February 28, 2013 to prison officials for mailing on February 28, 2013, which was not within thirty days after entry of either the March 16, 2012 Order Denying DNA Testing or the March 16, 2012 Order Denying and Dismissing Rule 40 Petition, as HRAP Rule 4(b)(1) requires. Therefore, Appellant Ili's appeal is untimely.

"In criminal cases, [the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). Specifically, the supreme court has permitted belated appeals under two sets of circumstances:

> (1) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the fist instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori v. State, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted). Neither of these exceptions applies to the instant case.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."). Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000175 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that any and all pending motions in appellate court case number CAAP-13-0000175 are dismissed as moot.

DATED: Honolulu, Hawai'i, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge